United States Court of Appeals
Fifth Circuit

**F I L E D**

March 6, 2007

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**

**FIFTH CIRCUIT**

_____

No. 06-10679

(Summary Calendar)

_____

DELORES LAMBERT,

Plaintiff-Appellant,

versus

LINDA S. MCMAHON, Acting COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

Appeal from the United States District Court
For the Northern District of Texas
(3:04-CV-1235)

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Delores Lambert appeals the district court's denial of her motion to modify the scheduling

order and grant of summary judgment in favor of her employer, the Social Security Administration

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

("SSA"), on various employment discrimination claims under Title VII and the Rehabilitation Act.

Lambert was a Social Insurance Specialist in the SSA's Dallas office between 1973 and her termination in 1999. Her employment discrimination claims are based on four allegations: (1) she was not selected for promotion to nine different vacancies; (2) her supervisors failed to accommodate her seizure disorder; (3) the agency subjected her to a hostile work environment, which exacerbated her depression and other impairments; and (4) she was unlawfully terminated without just cause. The SSA moved for summary judgment on these claims. Lambert's attorney apparently then suffered a mental breakdown. Due to this illness, the magistrate judge found "good cause" to grant two separate extensions of time to file a response brief. After Lambert failed to file a timely response after these extensions, her attorney filed a motion to file a brief out-of-time, blaming his third delay on computer problems. The magistrate again found "excusable neglect" and granted leave to file a response out-of-time. Lambert's attorney eventually filed what Lambert claims was a "woefully inadequate" response to the SSA's motion for summary judgment.

After all briefs were in, Lambert moved to allow her attorney to withdraw, for continuance, and to modify the scheduling order so that new attorneys could brief the summary judgment response. The magistrate judge determined that there was no "excusable neglect" justifying extending the time for additional briefing and denied the motion. *See* FED. R. CIV. P. 6(b)(2) ("the court for cause shown may at any time in its discretion . . . upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect"). The district court then granted summary judgment in favor of the SSA, concluding that Lambert failed to raise a genuine issue of material fact that supports a prima facie case on her claims.

Lambert first contends that the district court erred in denying her motion for a modification

of the scheduling order so that her new attorneys could submit additional briefing. She argues that, due to her first attorney's mental illness and inadequate response to summary judgment, the district court should have treated her motion as a request for "extraordinary relief." *See* FED. R. CIV. P. 60(b)(6).[1] We disagree. Because a motion under Rule 60(b) cannot be filed until a final judgment has been entered, the district court could not have treated Lambert's request as such a motion. *See* FED. R. CIV. P. 60(b)(6) ("On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . any other reason justifying relief from the operation of the judgment."); *McMillan v. MBank Fort Worth, N.A.*, 4 F.3d 362, 366 (5th Cir. 1993) ("A Rule 60(b) motion cannot be filed until a final judgment has been entered."). Accordingly, the district court did not err in denying Lambert's motion to modify the scheduling order.

Lambert also claims the district court erred in granting summary judgment, which we review *de novo*. *Honeywell Intern., Inc. v. Phillips Petroleum Co.*, 415 F.3d 429, 434 (5th Cir. 2005). Unfortunately, Lambert's brief on appeal describes virtually none of the facts involved in this case and instead provides pages of general, conclusory allegations that she satisfied her prima facie burden and that the SSA's stated reasons for its actions were pretextual. In fact, Lambert's appellate brief all but concedes that summary judgment was properly granted on the record submitted to the district court by her former counsel.[2] By failing to adhere to Federal Rule of Appellate Procedure 28(a)(9)(A)'s

---

[1]      Lambert does not argue that the district court abused its discretion in finding no "excusable neglect" under Rule 6(b). Thus, any such argument is waived. *See Edwards v. Johnson*, 209 F.3d 772, 776 n.1 (5th Cir. 2000).

[2]      Lambert's new counsel did not move for relief from summary judgment under Rule 60(b)(6). Neither Lambert's old nor new counsel moved for an extension of time under Rule 56(f).

requirement that an appellant's brief contain the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies," Lambert has abandoned her contentions. *See Lee v. Cytec Indus., Inc.*, 460 F.3d 673, 679 n. 11 (5th Cir. 2006); *Perez v. Barnhart*, 415 F.3d 457, 462 n.4 (5th Cir. 2005).

The only statement in Lambert's brief that could be construed as an argument against summary judgment)) that the SSA did not show that accommodation of Lambert's disability would cause undue hardship)) is unaccompanied by any explanation as to why Lambert is entitled to reasonable accommodation in the first place. *See Chandler v. City of Dallas*, 2 F.3d 1385, 1390 (5th Cir. 1993) (requiring, for a claim under the Rehabilitation Act, some evidence that plaintiff was an individual with a qualified disability). Lambert's appeal is without merit.

For the foregoing reasons, we AFFIRM the judgment of the district court.